### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DARRYL WILLIAMS,**

       **Defendant – Petitioner,**

                                      **Case No. 02-80602 & 05-70794**

**v.**

                                        **HONORABLE DENISE PAGE HOOD**

**UNITED STATES OF AMERICA,**

       **Plaintiff – Respondent.**

_____/

### MEMORANDUM OPINION & ORDER DENYING PETITIONER'S
### MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

## I.  INTRODUCTION

On March 6, 2003, Petitioner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Petitioner was sentenced to 110 months of imprisonment to be followed by two years of supervised release.  Petitioner appealed his conviction without success to both the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court.

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed March 2, 2005.  The Government filed a Response on May 27, 2005.  On June 6, 2005, Petitioner filed a Motion for Extension of Time to File Traverse Response to Government's Response to Motion to Vacate.  The Court granted Petitioner's Motion on June 20, 2005.  Petitioner did not thereafter file any pleadings.

Petitioner argues he is entitled to relief because he was sentenced pursuant to the United States Sentencing Guidelines, portions of which were later ruled unconstitutional by the Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005).  Because the Court finds *Booker* cannot be retroactively applied to Petitioner's conviction and sentence, the Court DENIES Petitioner's Motion

to Vacate, Set Aside or Correct Sentence.

## II.     STANDARD OF REVIEW

On January 12, 2005, the Supreme Court issued a landmark opinion concerning the United States Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738 (2005). The Court addressed whether the Sixth Amendment's guarantee of a right to a trial by jury is violated when enhanced sentences are imposed upon the sentencing judge's determination of a fact that was not found by the jury nor admitted by the defendant. Answering in the affirmative, the Court opined that the Sentencing Guidelines are "advisory," and that any fact necessary to support a sentence "exceeding the maximum authorized by the facts" established by a guilty plea or a jury verdict must be either "admitted by the defendant," or "proved to a jury beyond a reasonable doubt." The Court did not hold the entire Sentencing Guidelines framework unconstitutional.

Given the above, the Court's next task was to determine the remedy of its holding. In answering this question, the Court held that most of the provisions of the Sentencing Guidelines are still valid. *See, e.g.,* 18 U.S.C. § 3551 (authorizing sentences as probation, fine, or imprisonment); 18 U.S.C. § 3552 (providing for the preparation of presentence reports); 18 U.S.C. § 3554 (forfeiture); 18 U.S.C. § 3555 (notification to victims); 18 U.S.C. § 3583 (supervised release). However, *Booker* did excise two sections of the Sentencing Guidelines. *See* 18 U.S.C. §§ 3553(b)(1) and 3742(e). Section 3553(b)(1) provided the sentencing judge with an enhancement provision allowing for a finding of aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Sentencing Guidelines. The Supreme Court cautioned that it did not "believe that every sentence gives rise to a Sixth Amendment violation. Nor . . . that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to

2

apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain error' test." *Booker*, 125 S.Ct. at 767.

## III.    APPLICABLE LAW & ANALYSIS

As the Government points out, *Booker* is not to be applied retroactively. *See Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Petitioner attempts to avoid the clear non-retroactivity of *Booker* by arguing that his appeal was not final by the time *Booker* was decided.

The finality of a conviction is determined by the date on which the petition for writ of certiorari is denied. *United States v. Cottage,* 307 F.3d 494, 498 (6th Cir. 2002) ("direct review is concluded when the Supreme Court either denies the petition or decides the case."); *Campa-Fabela v. United States,* 339 F.3d 993 (8th Cir. 2003); *Giesberg v. Cockrell,* 288 F.3d 268 (5th Cir. 2002); *Horton v. United States*, 244 F.3d 546 (7th Cir. 2001); *United States v. Willis*, 202 F.3d 1279 (10th Cir. 2000). Here the petition was denied by January 10, 2005.

After the denial of his petition for writ of certiorari, Petitioner sought a rehearing. Petitioner argues that this tolled the finality of his conviction. Supreme Court Rule 16.3 provides as follows:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

Petitioner is therefore incorrect regarding the effect of his filing for rehearing of the denial of his petition before the Supreme Court. Petitioner's conviction became final on January 10, 2005. Though this was only two days before *Booker* was issued on January 12, 2005, Petitioner is still not

entitled to a retroactive application of the decision.

Accordingly,

IT IS ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence **[Docket No. 43, filed March 2, 2005]** is DENIED.

IT IS FURTHER ORDERED that this matter is dismissed.


　　　　／s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   July 28, 2005

4